## WILLSON ADM'R. *v.* BERGIN.

If the proceedings of the administrator, under a license to sell real estate for the payment of debts, have not resulted in a valid sale, he may have a new license and proceed *de novo*, although the avails of an invalid sale, under the first license, may have been received by him, and paid over to the creditors of the estate.

APPEAL from the decree of the judge of probate, dis-allowing the petition of John Willson and William Farrar,

administrators of the estate of Samuel Bergin, for license to sell real estate.

The petition stated that, under a license formerly granted to the petitioners for the purpose, they proceeded, after taking the oath by law prescribed, to sell the real estate of the intestate; but owing to the loss of the certificate of the oath, they are unable to make proof of having been sworn; in consequence of which the sales are liable to be rendered void, and the purchasers to be subjected to loss and injury; wherefore they pray for a license to be granted them to sell the real estate of which the intestate died seized, or in which he had an interest at the time of his decease, in order to pay the debts existing against the estate, and to make valid the title to the real estate which they may sell and convey.

It appeared that the avails of the sale under the former license, amounting to $385,75, had been applied by the administrators to the payment of the debts of the intestate, and that his heirs were claiming the land against the purchasers under the sale.

The petition having been denied by the decree of the probate court, Willson, the surviving administrator, appealed to this court, and filed a statement of "the reasons of his appeal," which were founded on the facts, substantially, as above stated.

*J. W. & G. C. Williams*, for the appellant.

*Burns*, for the heirs.

Woods, J. By section 12 of chapter 159 of the Revised Statutes, it is required that every administrator shall apply for and procure a license for the sale of so much of the real estate of the intestate, as shall be necessary to pay the debts and legacies, if the personal estate is insufficient, and neglect or refusal to obtain such license, or to make such sale, shall be deemed mal-administration. And by section 1 of

chapter 164, the judge of probate, on application of the administrator, may grant license for the sale of the real estate, &c. In pursuance of these provisions of law, the petitioner is entitled to the decree prayed for in this case, unless there be something in prior proceedings, which should create a bar, or render the granting of the license improper.

As to this, the only objection urged is one that appears on the face of the petition itself, which is that license has already been granted, and a regular sale taken place, with all the due formalities, and the whole power of the administrator as well as the court of probate, been exhausted in regard to the subject-matter.

If that be really so, the granting of the license prayed for, and all the proceedings which may be instituted under it by the administrator, would be merely nugatory, for want of a subject on which they might operate. If such a state of facts distinctly and unquestionably be made to appear, they would constitute a sound objection to granting the decree; but how far it may be the duty of the judge of probate, in applications of this sort, to inquire whether there really be any real estate to be affected by the license, or how far he ought to be governed by the consideration that a license is wholly inoperative as regards property not fairly within the official power of the administrator, it is not, perhaps, necessary here to solve. It is not foreign to the subject, however, to observe that any opinion that the judge of probate, or this court, on appeal, may form as to whether there be any thing which the administrator can convey under the probate license, would be wholly inconclusive with respect to the title; that such applications are not made for ascertaining the title, but are founded on the conviction of the administrator that something may be realized, by means of them, to promote the legitimate ends of his office. It might, therefore, perhaps, be a sufficient case for a license, if the administrator could make it doubtful whether the estate were fully administered.

But we need not decide that point, for in this case it is quite plain that the administration is as yet incomplete. It is true, the fact is otherwise, according to the statements contained in the petition, if the means of verifying them had been preserved. But, practically, as it regards the title to the land under the sale, there is no difference between the entire omission of an essential formality and the loss of the proper evidence of a compliance with it. The heirs claim the land, and, as the case finds, they must prevail for want of this evidence.

The only object in selling the land being the payment of the debts of the deceased, it is said, as was elsewhere said, that these debts having been paid from the avails of the former informal sale, there is no further claim on the part of the creditors. But if the former sale was void, the money was the money of the administrators, for they must refund to the purchaser what he paid for land which he cannot hold, and the court will treat them as assignees of the debts they have thus paid by mistake, and instead of exonerating the fund, they shall be substituted in the place of the creditors, for whose benefit the law gave the administrators a power over it, provided such substitution be necessary for their protection. Such was the view taken by the supreme court of errors in Connecticut, in the similar case of *Wheeler* v. *Wheeler*, 2 Conn. Rep. 51, and in Maine, by the supreme court, in *Moody* v. *Moody*, 2 Fairf. 247.

The latter case is an authority in point. The administrator had sold the real estate under a license, and accounted for the proceeds; but, on its appearing that he had omitted to file a bond before the sale, he was permitted, in a new account, to charge back the proceeds of the sale and to have a new license.

The new license is necessary in the present case, although the informality in the former proceedings intervened after the license, and in the course of the administrator's doings under it; because by section 14 of chapter 164 of the Re-

Willson *v.* Bergin.

vised Statutes, the sale must be made within two years from granting the license.

In the case referred to in Connecticut, the informality was in the proceedings in the court which granted the first license, whose decree was, for that cause, reversed and set aside. The new decree was granted upon the ground that there had been no effectual administration of the fund, notwithstanding the money had been realized by the sale, and paid over to creditors of the estate. If they had a right to retain it, the administrator became the creditor. If otherwise, their claims were, of course, outstanding against the estate, and demanded that the fund chargeable should be appropriated in the regular course of administration.

The reasons stated and the authority of the cases referred to, seem to be entirely satisfactory, and we are of the opinion that the decree of the court of probate should be reversed.

*Decree reversed.*